**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH GIUFFRIDA, | : | |
| 5805 Yorkana Road | : | |
| York, PA 17406 | : | |
|     Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| PUBLICIS HEALTH, LLC d/b/a | : | |
| DIGITAS HEALTH, | : | |
| 100 E Penn Square | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| 375 Hudson Street | : | |
| New York, NY 10014 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Joseph Giuffrida (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Publicis Health, LLC d/b/a Digitas Health (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a full-service marketing agency catering

exclusively to healthcare and pharmaceutical companies with a location at 100 E Penn Square, Philadelphia, PA 19107 and with a corporate headquarters located at 375 Hudson Street, New York, NY 10014.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

11. The Complaint was assigned a Charge Number 530-2024-00736 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on request relative to the Charge and that Notice is dated January 9, 2024. Plaintiff received the Notice by electronic mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

15. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. In or around December 2015, Defendant hired Plaintiff in the position of Senior Art Director.

18. Plaintiff was well qualified for his position and performed well.

19. In or around August 2022, Plaintiff began having issues with the team to which he was assigned to.

20. Specifically, Plaintiff's team expected him to work unreasonably long hours given the employment agreement in place.

21. Defendant demanded Plaintiff work until one o'clock a.m. and through the weekends, which was in excess of the originally agreed upon amount of time Defendant expected Plaintiff to work.

22. Defendant did not offer additional compensation for this material change in working conditions.

23. Plaintiff went to Human Resources and requested a transfer, which was refused.

24. Instead, on September 29, 2022, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP") in response.

25. Plaintiff did not believe the PIP was warranted and, instead was in response to Defendant's frustration Plaintiff was not willing to work late into the early morning and on weekends.

26. Despite this, Plaintiff successfully completed the PIP and Defendant informed Plaintiff he was cleared and released from the PIP on November 8, 2022.

27. On or around November 20, 2022, Plaintiff was injured and sustained a Traumatic Brain Injury ("TBI") while working on home renovations.

28. TBI is a medical condition that is considered a disability under the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), as it affects the major life activities of brain function, concentration, thinking and working.

29. On November 21, 2022, Plaintiff notified Defendant that he suffered a head injury and called out of work.

30. Plaintiff was not scheduled to work from November 22, 2022 to November 24, 2022 due to the Thanksgiving holiday.

31. On November 25, 2022, Plaintiff was examined by his Primary Care Physician who placed him on a medical leave of absence due to his TBI from November 25, 2022 to November 30, 2022.

32. Defendant approved his medical leave.

33. On November 30, 2022, Plaintiff still felt too ill to return to work and called Defendant to notify it that he could not return to work due to his TBI.

34. On December 1, 2022, Plaintiff returned to work.

35. That same day, on December 1, 2022, Defendant terminated Plaintiff for alleged performance issues.

36. Plaintiff requested specific examples of his alleged poor performance or missed deadlines, which Defendant did not provide to him.

37. It is Plaintiff's position that he was terminated due to his disability and retaliated against for requesting the reasonable accommodation of a medical leave of absence in violation of the ADA and the PHRA.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

40. Plaintiff was qualified to perform the job.

41. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

42. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

43. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

44. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

45. The purported reason for Defendant's decision is pretextual.

46. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

47. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

50. Plaintiff was qualified to perform the job.

51. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

52. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

53. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

54. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

55. The purported reason for Defendant's decision is pretextual.

56. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

57. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

58. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

59. Plaintiff engaged in activity protected by the ADA when he requested a reasonable accommodation.

60. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

61. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

62. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

63. Plaintiff engaged in activity protected by the PHRA when he requested a reasonable accommodation.

64. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

65. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Joseph Giuffrida, requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

    (f)    Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

|  |  |  |
|---|---|---|
|  |  | **RESPECTFULLY SUBMITTED,** |
|  |  | **KOLLER LAW, LLC** |
| Date: April 8, 2024 | **By:** | */s/ David M. Koller*<br>David M. Koller, Esquire<br>Jordan D. Santo, Esquire<br>2043 Locust Street, Suite 1B<br>Philadelphia, PA 19103<br>215-545-8917<br>davidk@kollerlawfirm.com<br>jordans@kollerlawfirm.com<br><br>*Counsel for Plaintiff* |